### Oakwood Stock Farm Co. v. Fred Rahn.

1. Judgment—*Mere Irregularities in Selecting Jurors Where No Prejudice Results, Will Not Reverse.*—Mere irregularity in the mode of selecting jurors does not require the reversal of a judgment unless prejudice results therefrom to the party complaining.

2. Practice—*Parties Have a Right to Have Twelve Jurymen in the Box During All the Time the Jury Is Being Impaneled.*—When either party requires it there must be twelve jurymen in the box during all the time the jury is being impaneled.

Assumpsit.—Appeal from the County Court of Lake County; the Hon. D. L. Jones, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed January 27, 1903.

W. O. Robinson, attorney for appellant.

Benjamin H. Miller, attorney for appellee.

Mr. Justice Dibell delivered the opinion of the court.

Fred Rahn sued the Oakwood Stock Farm Company to recover for wages alleged to be due him for the services of

his minor sons. On a trial of the issues, he recovered a verdict of $224.33. The court required that $40 be remitted from the verdict, overruled a motion for a new trial, and gave plaintiff judgment for $184.33. Defendant appeals.

On January 14, 1901, an order was entered setting the cause to be tried on January 25th. On January 25th defendant moved for a continuance, and presented the affidavit of W. P. Dickinson, president of defendant, in support of said motion. The motion was denied and defendant excepted. It is urged the court erred in refusing to continue the case. The bill of exceptions shows defendant's attorney was present in court taking action in this case on January 14th, the day the order was made setting the case. He did not then ask delay or a continuance, and does not now claim the facts supposed to require the absence of Dickinson were not then fully known. Indeed Dickinson's affidavit shows that they were known about that time. The affidavit of Dickinson was sworn to January 19th, but defendant did not then move for a continuance, so as to save plaintiff the expense of getting ready for trial. Defendant waited till the day of trial. Dickinson in his affidavit stated that he must necessarily be absent to attend as a witness in some suits in Colorado affecting a corporation of which he is the president, and to redeem its property from a tax sale. He did not state when those suits were to be tried, or that he could not attend this trial on January 25th and then reach Colorado in time for those trials. He did not show why it was not as proper for the Colorado court to postpone those trials for this case, nor, indeed, that it would not do so. He stated he had expected to be in Colorado not later than January 15th or 16th, but that he had matters in Colorado deferred so he could leave Chicago for Colorado on January 19th. He thus showed the matters in Colorado were within his control. He did not state the facts to which he would testify in this case. He stated he had made payments not credited in plaintiff's bill of particulars, but did not state the dates or amounts, as he should have done, so that if the court held the affidavit sufficient, plaintiff could admit Dickin-

son would testify to such payments, and so avoid a continuance. He stated he had a receipt in full, but did not state that its signature could not be proved by others as well as himself. We conclude the affidavit did not require the court to grant a continuance, and that the court did not err in the exercise of its discretion.

It is urged that the court erred in the course pursued in the impanelment of the jury that tried this cause. Section 110 of chapter 37 of the Revised Statutes, relating to courts, provides that the County Court may issue a venire for twelve persons to sit as jurors, and may retain them for all the jury trials of the term; and that, "if, by reason of non-attendance, challenge or otherwise, said jury shall not be full, the panel may be filled by talesmen." The bill of exceptions récites that when this cause was called for trial, ten jurors took seats in the box and were sworn to answer questions, and that they were all that remained of the regular panel, the others having been previously excused; that counsel for plaintiff examined and accepted four jurors; that counsel for defendant declined to examine the jurors; that after the ten jurors had been examined by plaintiff a special venire was ordered for two additional jurors, and when the venire was returned and the two special veniremen had taken their seats in the box defendant objected to the special venire, service and return thereof, which objection was overruled and defendant excepted; that counsel for defendant examined said two jurors summoned on special venire, and challenged one of them for a cause stated, which challenge was overruled and defendant excepted. That challenge for cause was untenable. The twelve jurors being in the box, the court then inquired of counsel for defendant if he desired to question any more of the jurors, or to challenge any of the jurors, and he answered "No," and the jury were then sworn to try the case. It is true that when either party requires it there must be twelve jurymen in the box during all the time the jury is being impaneled. (Sterling Bridge Co. v. Pearl, 80 Ill. 251.) But defendant's counsel did not call the attention of the court to his right to have twelve men in the

box, nor ask that the panel be filled, nor base his declination to examine the jurymen upon that ground; nor did he except to any action of the court concerning the ten men first called into the box. He could not be silent, and make no objection, and afterward claim he had been denied his rights. He objected to the special venire, service and return. Those papers are not preserved in the bill of exceptions, but counsel's contention seems to be that the court had no power to fill the panel. The statute above quoted gave it that power. We must assume the other two members of the original panel had been properly excused. Mere irregularity in the mode of selecting jurors does not require the reversal of a judgment, unless prejudice results therefrom to the party complaining. (Henry v. the People, 198 Ill. 162, 186.) The record does not show error in the impanelment of the jury.

Plaintiff introduced proof that his two sons worked for defendant a specified length of time; that defendant agreed to pay plaintiff $20 each per month for their services; that certain sums had been paid; and that his sons were minors at the time they worked for defendant. It is argued that the statement that they were minors was a conclusion of law, and was not sufficient proof that they were under legal age. No such objection was made to that proof, so that plaintiff might obviate it. Besides, the proof was that defendant agreed to pay plaintiff for his sons' services, and he would be bound to pay according to his contract, whether they were of age or not, unless he showed that plaintiff had no authority to hire out their services. A man may hire out his adult employes to another and collect pay therefor. It is argued that the proof did not show how much is due. Plaintiff showed how long each son had worked, the price per month and how much he claimed to have been paid; and then defendant offered in evidence certain checks, some of which were disputed. The jury rendered a verdict, and the court reduced it $40. Defendant has not presented any computation to show that the sum put in judgment is excessive.

The judgment is affirmed.